IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON A. PERRY,

        Plaintiff,

v.                                 Civil Action No. 5:15CV139
                                           (STAMP)

W. VA. CORRECTIONAL INDUSTRIES,
EDDIE LONG, ROBERT WHITEHEAD,
DON ZIELINSKY, GREG GILLI,
CECILIA JANISZEWSKI, DR. JERRY HAHN,
JANE/JOHN DOE and JAMIE LEE,

        Defendants.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
OVERRULING THE PLAINTIFF'S OBJECTIONS,
GRANTING IN PART AND DENYING IN PART
DEFENDANTS WHITEHEAD AND ZIELINSKY'S MOTION TO DISMISS,
GRANTING DEFENDANTS HAHN AND JANISZEWSKI'S MOTION TO DISMISS,
AND GRANTING DEFENDANT LEE'S MOTION TO DISMISS**

The pro se[1] plaintiff, Jason A. Perry, filed this civil action

asserting claims against the defendants under 42 U.S.C. § 1983.

The case was referred to United States Magistrate Judge Robert W.

Trumble under Local Rule of Prisoner Litigation Procedure 2.  The

defendants filed several motions to dismiss and the magistrate

judge issued a report and recommendation (ECF No. 84) following the

plaintiff's responses to the defendants' motions and defendants'

replies.  The magistrate judge recommended that the motion to

---

[1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  Black's Law
Dictionary 1416 (10th ed. 2014).

dismiss filed by Robert Whitehead and Don Zielinsky (ECF No. 41) be granted, in part and denied in part. More specifically, the magistrate judge recommended that the plaintiff's claim one regarding an unsafe work environment be dismissed with prejudice for failure to state a claim upon which relief may be granted. The magistrate judge stated that to the extent that the plaintiff was attempting to include these defendants in his claim four, regarding medical care, the same should be dismissed against them. However, the magistrate judge stated that plaintiff's claims two and three alleging violations of equal protection should not be dismissed, and a scheduling order should be entered. In addition, the magistrate judge recommended that the motions to dismiss filed by defendants Jerry Hahn and Cecilia Janiszewski (ECF No. 44) and defendant Jamie Lee (ECF No. 49) be granted, and the claims against these three defendants be dismissed with prejudice for failure to state a claim upon which relief may be granted.

The plaintiff then filed a reply and objections (ECF No. 86) to the report and recommendation and defendant Jamie Lee filed responses to the plaintiff's objections. ECF No. 89.

For the following reasons, this Court affirms and adopts the magistrate judge's report and recommendation, overrules the plaintiff's objections, and will enter a scheduling order, by separate order, as to plaintiff's claims two and three alleging

violations of equal protection by defendants Robert Whitehead and Don Zielinsky.

## I. Background

The pro se plaintiff, Jason A. Perry, a state inmate, filed this civil rights matter pursuant to 42 U.S.C. § 1983 against the defendants raising four claims: (1) unsafe work environment; (2) hostile work environment based on sexual preference; (3) discrimination based upon retaliation; and (4) failure to provide proper medical care.

According to his complaint, the plaintiff alleges that, while working in the prison industries, he was asked by defendant Zielinsky to operate a gold foil stamping machine which he had never operated before and on which he had never received a safety orientation training. ECF No. 16 at 9. The plaintiff maintains that this press and others are old and outdated, and the safety features are broken and/or bypassed. The plaintiff indicates that he got four fingers caught in the machine. Plaintiff contends that his "Constitutional Right to 'Equal Protection' was violated due to the unsafe work environment [he] was subjected to."

With respect to his claim for discrimination due to a hostile work environment based on sexual preference, the plaintiff contends that because he asked defendant Zielinsky to "please cut back on the gay jokes and comments," because he is gay, he went to pay level 4 and not pay level 5 as previously promised. Plaintiff

maintains that other people received raises, and he realized that defendants Zielinsky's and Whiteside's attitudes had completely changed the instant he told them that he was gay and that defendant Zielinsky created a hostile and unbearable work environment for anyone with an alternative lifestyle. ECF No. 16 at 14.

With respect to his third claim, plaintiff alleges that after filing "the grievance" and explaining his sexual orientation to stop the jokes and comments, things became tense in his work area. Plaintiff contends that retaliatory actions took place following his complaints on the safety issues, the gay jokes and other discrimination issues.

Finally, with respect to his medical care, the plaintiff alleges that after he injured his hand in the press, he was taken to medical and "left bleeding for five hours." Afterward, plaintiff alleges that PrimeCare's staff looked at his hand and x-rays were taken. ECF No. 16 at 9. The plaintiff further alleges that over the course of time, three fingers healed but one did not, and that Dr. Hahn never treated his hands, and neither he nor Cecilia Janiszewski let him see a specialist for his hand. ECF No. 16 at 17. The plaintiff contends that "[t]he pain and suffering I have may be long term and may have been prevented if treated early." Id. Plaintiff also alleges that Wexford took over running the medical department after PrimeCare left and alleges that PrimeCare took all of the medical records when they left.

Plaintiff claims he was told he would see a doctor but never did. With respect to defendant Jamie Lee, plaintiff indicates that she "runs medical for Wexford and that is who would have gotten my letter and never let [him] see any one for pain or treatment." Id.

W. Va. Correctional Industries, Eddie Long, Robert Whitehead, Don Zielinsky, and Greg Gilli filed a motion to dismiss for failure to state a claim. ECF No. 41. Although the motion to dismiss was also filed on behalf of W. Va. Correctional Industries, Eddie Long and Greg Gilli, they were dismissed as defendants pursuant to the stipulation of dismissal signed by the plaintiff (ECF No. 77) and approved by this Court. ECF No. 78. Accordingly, defendants Eddie Long, Greg Gilli and the W. Va. Correctional Industries were dismissed with prejudice from the complaint. Defendants Whitehead and Zielinsky assert that the plaintiff is simply alleging a "run of the mill workplace negligence claim," and this Court does not have subject matter jurisdiction over such a claim. ECF No. 41-1 at 22. Moreover, these defendants allege that even if this Court could exercise jurisdiction over this thinly veiled negligence claim, the named defendants still would be entitled to qualified immunity with regard to this claim. Defendants also state that the plaintiff's claim of discrimination due to hostile work environment does not sufficiently plead any actionable claim and that the plaintiff has no constitutional right to be employed, let alone be employed in his position of choice.

Defendants Cecilia Janiszewski and Jerry Hahn filed a Motion to Dismiss for Failure to State a Claim. ECF No. 44. These defendants argue that the plaintiff's claim with respect to his medical care does not meet the legal threshold for a viable Eighth Amendment claim. More specifically, these defendants contend that the plaintiff's allegations amount to no more than a disagreement with the professional judgment and course of treatment selected by the healthcare professionals. Finally, these defendants allege that they are entitled to good faith qualified immunity.

Defendant, Jamie Lee, filed a motion to dismiss for failure to state a claim. ECF No. 49. Defendant raises the affirmative defense of failure to exhaust and points to the fact that the administrative grievance was filed on May 5, 2015, and she was not employed as the medical director for Wexford until July 20, 2015. ECF No. 50 at 5-6. In addition, this defendant alleges that there is no specific allegation that she consulted with the plaintiff or provided any specific inadequate medical care or treatment to the plaintiff. Finally, this defendant alleges that the amended complaint does not contain sufficient facts to support a claim for relief under the Eighth Amendment for ineffective medical assistance due to deliberate indifference.

Plaintiff filed separate responses in opposition to each motion to dismiss. ECF Nos. 61-63. In response to defendants Whitehead and Zielinsky, the plaintiff first cites the well

6

accepted principle that the Court must liberally construe a pleading filed pro se. The plaintiff then clarifies that although he asserted an "unsafe work environment" claim, he is in fact asserting a "deliberate indifference to a known risk of injury" due to these defendants' failure to properly train him in the operation of the equipment and their disregard to missing safety features. Plaintiff argues that these defendants are not entitled to qualified immunity and again alleges the defendants discriminated and retaliated against him due to his homosexuality in violation of the Equal Protection Clause. Plaintiff then argues that to state a claim for a violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him on the basis of his membership in a protected class. Plaintiff alleges that "homosexual persons or gays and lesbians" are protected from discrimination by the Equal Protection Clause of the Fourteenth Amendment. ECF No. 61-1 at 4. Alternatively, the plaintiff argues that where the challenged conduct does not involve a suspect classification, a plaintiff must show that similarly situated people were intentionally treated differently without a rational basis for the disparate treatment.

Plaintiff filed a response to the motion to dismiss by Cecilia Janiszewski and Jerry Hahn. ECF No. 62. Plaintiff asserts that although he alleged a failure to provide proper medical care, his intent was to assert a claim for deliberate indifference to a

serious medical condition/need.  ECF No. 62-1 at 2.  Plaintiff
further asserts that these defendants have pointed out all of the
necessary requirements for establishing a deliberate indifference,
and he has alleged all of those requirements in his complaint by
virtue of their actions or inactions after he was seriously injured
and disabled by machinery at NCF Correctional Industries.
Plaintiff maintains because defendants failed to treat his serious
medical condition/need at the time of the injury or even refer him
to a specialist who could possibly treat his injuries, defendants
are either plainly incompetent or they knowing violated the law in
regard to his serious medical condition/needs.  In addition, given
that the plaintiff argues that the notice of claim and screening
certificate of merit requirements of the Medical Professional
Liability Act as set forth in West Virginia Code § 55-7B-1 has no
bearing on the instant action, it would appear that the plaintiff
is withdrawing any assertion of medical negligence.

The plaintiff's response to defendant Jaime Lee's motion to
dismiss (ECF No. 63) is the same as his response to the motion to
dismiss by Cecilia Janiszewski and Jerry Hahn.

Defendants Whitehead and Zielinsky filed a reply (ECF No. 66)
and assert that in support of his claim based upon an "unsafe work
environment," the plaintiff's only allegation is that he was
injured on a piece of machinery because he did not have sufficient
training and/or because the machinery was "old and outdated, the

8

safety features are broke and/or bypassed." ECF No. 66 at 1. Defendants state that plaintiff does not allege that anyone acted intentionally or even recklessly, and he does not allege that anyone knew about the alleged problem with the machinery or took any affirmative action to cause his injury. Accordingly, defendants Whitehead and Zielinsky reiterate their position that the allegations surrounding this claim support a negligence claim at best. In addition, defendants reiterate their argument in support of qualified immunity. With respect to his claim of discrimination due to hostile work environment, defendants argue that the plaintiff fails to cite any law or precedent indicating that homosexuals are, in fact, a protected class. Furthermore, they note that plaintiff's complaint does not allege that any similarly situated heterosexual inmates received the raise that he felt he should have been given. Accordingly, defendants argue plaintiff simply has not asserted a viable discrimination claim. With respect to his retaliation claim, defendants reiterate that as an inmate, the plaintiff has no constitutional or any other right to be employed and completely failed to address this issue.

Defendant Jamie Lee filed a reply (ECF No. 65) and states that plaintiff has not addressed the issue of failure to exhaust, and as it is fatal to plaintiff's claim, the complaint against her should be dismissed. Defendant Lee argues plaintiff has abandoned his malpractice claims and such claims should be dismissed with

prejudice, and reiterates her argument that any claim of deliberate indifference on her part should be dismissed.

This civil action was referred to the United States Magistrate Judge for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. United States Magistrate Judge Robert W. Trumble entered a report and recommendation. ECF No. 84. The magistrate judge found that plaintiff has not pleaded, let alone shown, that the defendants knew about and disregarded an excessive risk to his health or safety, and that their actions constitute a deliberate indifference to his safety, and that plaintiff has asserted a negligence claim that fails to state a cause of action under the Eighth Amendment that should be dismissed. ECF No. 84 at 15.

The magistrate judge also found that plaintiff has made factual allegations that give rise to a plausible claim for a denial of equal protection. The magistrate judge states that although defendants Whitehead and Zielinsky may be able to defeat these claims with evidence demonstrating that the plaintiff was not entitled to a Level 5 pay raise, or that there were legitimate reasons for requiring him to resign or be fired, they have chosen not to do so. Therefore, at this early stage of the proceedings, dismissal of these two claims is not warranted. ECF No. 84 at 17.

As to plaintiff's final claim, the magistrate judge found that except for naming Cecilia Janiszewski and Jerry Hahn as defendants,

the only other specific reference he makes to either is that: "Dr. Jerry Hahn never treated my hand. He nor Administrator Cecilia Janiszewski (or their subordinates) let me see a specialist to treat my hands." ECF No. 16 at 17. Therefore, as noted by Hahn and Janiszewski in their motion to dismiss, his allegations against them amount to no more than a disagreement with the professional judgment and course of treatment selected by these healthcare providers and do not rise to the level of a plausible constitutional claim, and accordingly, they should be dismissed as defendants. Additionally the magistrate judge found that to the extent a grievance attached to plaintiff's complaint could be construed as exhausting any claims against medical providers, it was filed two months before defendant Lee began her employment as the Administrator of Wexford at NCF, and therefore cannot be construed as exhausting his claims against this defendant. The magistrate judge noted that plaintiff did not respond to this allegation by Ms. Lee and has offered no argument that would indicate that he was prevented from exhausting a grievance against her, and therefore, plaintiff''s claim against Ms. Lee is subject to dismissal for failure to exhaust administrative grievances. Furthermore, the magistrate judge notes that plaintiff's only statement with respect to Ms. Lee is that she "runs medical for Wexford and that is who would have got my letters, and never let me see anyone for pain or treatment." ECF No. 16 at 17. There is no

11

allegation that Ms. Lee personally treated the plaintiff, ever examined his hand or ever prescribed any medications. Moreover, Ms. Lee did not become employed as the Administrator of Wexford until July 20, 2015, more than two years after the plaintiff's hand injury in March 2013. In fact, Wexford did not begin providing medical care at the NCF until March 1, 2015. The plaintiff's complaint contains no allegations that would suggest that his medical condition became worse after that date. Accordingly, even if the plaintiff had exhausted his administrative grievances against Ms. Lee, his complaint as to her is subject to dismissal for failure to state a claim for relief.

For the foregoing reasons, the magistrate judge recommended that the motion to dismiss filed by Robert Whitehead and Don Zielinsky (ECF No. 41) be granted, in part and denied in part. More specifically, the magistrate judge recommended that the plaintiff's claim one regarding an unsafe work environment be dismissed with prejudice for failure to state a claim upon which relief may be granted. The magistrate judge stated that to the extent that the plaintiff was attempting to include these defendants in his claim four, regarding medical care, the same should be dismissed against them. However, the magistrate judge stated that plaintiff's claims two and three alleging violations of equal protection should not be dismissed, and a scheduling order should be entered. In addition, the magistrate judge recommended

that the motions to dismiss filed by defendants Jerry Hahn and Cecilia Janiszewski (ECF No. 44) and defendant Jamie Lee (ECF No. 49) be granted, and the claims against these three defendants be dismissed with prejudice for failure to state a claim upon which relief may be granted.

The magistrate judge stated that "[**w**]**ithin fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984) (emphasis in original).

The plaintiff filed objections to the magistrate judge's report and recommendation on February 14, 2018. ECF No. 86. The docket reflects a return receipt was filed as service accepted by the plaintiff on January 1, 2018. ECF No. 85. However, plaintiff explains at the conclusion of his "reply and objections" to the magistrate judge's report and recommendation that "Northern Correctional Facility has been on lockdown for numerous days over

the past two weeks, and by such there was no reasonable access to a law library which caused a delay in te reply and objections being researched and presented. However, such reply and objections were completed by the Court's deadline and presented accordingly" and dated as "2-9-18." ECF No. 86-1 at 1.

Plaintiff "objects to the report and recommendation that the motion to dismiss filed by Robert Whitehead and Don Zielinsky be granted in part" and states in support that "claim one, regarding an unsafe work environment is a viable claim as it is a claim of negligence." ECF No. 86 at 2. Plaintiff contends that "Had Robert Whitehead and Don Zielinsky taken the precautionary measures of properly training the plaintiff in the safe operations of the dangerous machine, the danger of injury would have been considerably less. (Plus they knew several machines had safety issues)." ECF No. 86 at 2. Plaintiff also objects "to the recommendation to dismiss the claims against Jerry [Hahn], Jamie Lee and Cecilia Janiszewski for failure to state a claim upon which relief may be granted." ECF No. 86 at 3. Plaintiff asserts that "the claim of a deliberate indifference to a serious medical condition/need is also a viable claim for relief as the deliberate indifference was caused by the virtue of their inactions, and, or inactions after the plaintiff was in fact seriously injured and disabled by the dangerous machinery at N.C.F. correctional industries, and by such, plaintiff is not, and has not withdrawn

any assertions of medical negligence." ECF No. 86 at 3. Plaintiff also notes his objection to footnote 5 on page 18 of the magistrate judge's report and recommendation which deals with examples of what does or does not constitute a serious injury, stating that "the injuries suffered by the plaintiff is one diagnosed as mandating treatment and was so obvious that even a lay person would have recognized the need for a doctor's attention." ECF No. 86 at 3. Plaintiff adds at the bottom of page three that there is an "ongoing grievance against 'Medical' - still not getting treated - should not have to file "new" grievance every time new staff member! Jamie Lee was in charge when suit was filed." ECF No. 86 at 3.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those findings to which objections were not filed, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed <u>de novo</u> as to those findings to which objections were made.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### III.  Discussion

Because the plaintiff filed objections to the report and recommendation, this Court reviews the magistrate judge's recommendation de novo as to those findings to which objections were made.

For the reasons stated below, this Court adopts and affirms the report and recommendation of the magistrate judge in its entirety.

A.  Unsafe Work Environment

Plaintiff "objects to the report and recommendation that the motion to dismiss filed by Robert Whitehead and Don Zielinsky be granted in part" and states in support that "claim one, regarding an unsafe work environment is a viable claim as it is a claim of negligence." ECF No. 86 at 2. Plaintiff contends that "[h]ad Robert Whitehead and Don Zielinsky taken the precautionary measures of properly training the plaintiff in the safe operations of the dangerous machine, the danger of injury would have been

considerably less. (Plus they knew several machines had safety issues)." ECF No. 86 at 2.

Prison officials may violate the Eighth Amendment to the United States Constitution if they are deliberately indifferent to an inmate's safety. See Young v. City of Mt. Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (explaining that the deliberate indifference standard for claims alleging inadequate medical care is also applicable when prison officials fail to protect inmates from other sources of harm). However, to prevail on an Eighth Amendment claim, a plaintiff must show that the defendants knew about and disregarded an excessive risk to his health or safety, and that their actions constitute a deliberate indifference to his safety. Farmer v. Brennen, 511 U.S. 825, 837 (1994). Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk of harm. Id. at 835-39. In short, the United States Supreme Court has made clear that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 297 (1994). Mere negligence is insufficient. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Young, 238 F.3d at 575.

This Court has conducted a de novo review of the portion of the magistrate judge's report and recommendation concerning the

plaintiff's claim against defendants Whitehead and Zielinsky regarding an unsafe work environment.

This Court finds that plaintiff has failed to show, specifically as to the gold foil stamping machine press, that defendants Whitehead and Zielinsky knew about and disregarded an excessive risk to plaintiff's health or safety. This Court finds that defendants' actions do not constitute a deliberate indifference to plaintiff's safety. Plaintiff has merely asserted a negligence claim that fails to state a cause of action under the Eighth Amendment. Accordingly, plaintiff's unsafe workplace claim is subject to dismissal.

B.  Discrimination Based on Sexual Orientation

This Court notes no objection by the plaintiff to the portion of the magistrate judge's report and recommendation concerning the plaintiff's claims against defendants Robert Whitehead and Don Zielinsky as to violations of equal protection based on the plaintiff's sexual orientation. The magistrate judge correctly determined that plaintiff has made factual allegations that give rise to a plausible claim for a denial of equal protection. The magistrate judge correctly found that, at this time, the record shows that these defendants have offered no evidence to refute the plaintiff's claims that he was entitled to a Level 5 pay raise, or that there were no legitimate reasons for requiring him to resign or be fired. Therefore, as the magistrate judge correctly

determined, at this early stage of the proceedings, dismissal of these two claims is not warranted.  This Court finds no error in any of the above determinations of the magistrate judge and thus upholds his rulings.

C.    Deliberate Indifference

Plaintiff objects "to the recommendation to dismiss the claims against Jerry [Hahn], Jamie Lee and Cecilia Janiszewski for failure to state a claim upon which relief may be granted."  ECF No. 86 at 3.  Plaintiff asserts that "the claim of a deliberate indifference to a serious medical condition/need is also a viable claim for relief as the deliberate indifference was caused by the virtue of their inactions, and, or inactions after the plaintiff was in fact seriously injured and disabled by the dangerous machinery at N.C.F. correctional industries, and by such, plaintiff is not, and has not withdrawn any assertions of medical negligence."  ECF No. 86 at 3.  Plaintiff also notes his objection to footnote 5 on page 18 of the magistrate judge's report and recommendation which deals with examples of what does or does not constitute a serious injury, stating that "the injuries suffered by the plaintiff is one diagnosed as mandating treatment and was so obvious that even a lay person would have recognized the need for a doctor's attention."  ECF No. 86 at 3.  Plaintiff adds at the bottom of page three that there is an "ongoing grievance against 'Medical' - still not getting treated - should not have to file

"new" grievance every time new staff member!  Jamie Lee was in charge when suit was filed."  ECF No. 86 at 3.

The Eighth Amendment's prohibition of cruel and unusual punishments covers "the treatment a prisoner receives in prison and the conditions under which he is confined," <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993), including the provision of medical care. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  "[A] prison official's 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'"  <u>Scinto v. Stansberry</u>, 841 F.3d 219, 225 (4th Cir. 2016) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)).  To state a claim for an Eighth Amendment violation, a prisoner must establish that: (1) "the deprivation alleged [was], objectively, 'sufficiently serious'" and (2) the "prison officials acted with a 'sufficiently culpable state of mind.'"  <u>Id.</u> (alteration in original) (internal quotation marks omitted) (quoting <u>Farmer</u>, 511 U.S. at 834).

Under the first "objective" prong, an official's actions are "sufficiently serious" if the deprivation is "extreme," "meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions."  <u>Id.</u> (internal quotation marks omitted) (alteration in original).  Where the prisoner alleges deprivation of medical care,

20

the prisoner must establish "a 'serious' medical need that has either been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (alteration in original) (internal quotation marks omitted).

Under the second "subjective" prong, prison officials must have acted with deliberate indifference. Id. "To prove deliberate indifference, plaintiffs must show that 'the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" Id. (alterations in original) (quoting Farmer, 511 U.S. at 297). "[T]he plaintiff must show that the official was 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and . . . dr[ew] th[at] inference.'" Id. (alterations and emphasis in original) (quoting Farmer, 511 U.S. at 297). Where the prisoner alleges deprivation of medical care, the prisoner must show "the official's actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." Id. at 226 (internal quotation marks omitted) (brackets omitted). The prisoner must prove either that the official had actual knowledge of the medical condition and risk or that the risk was obvious. Id. Moreover, a claim for deliberate indifference requires more than mere negligence, as "deliberate indifference describes a state of mind more blameworthy than negligence," Farmer, 511 U.S. at 835, and

21

"even officials who acted with deliberate indifference may be 'free from liability if they responded reasonably to the risk.'" Scinto, 841 F.3d at 226 (quoting Farmer, 511 U.S. at 844).

In its de novo review of plaintiff's claim of deliberate indifference to a serious medical need against defendants Jerry Hahn, Jamie Lee, and Cecilia Janiszewski, this Court finds that plaintiff's allegations against Hahn and Janiszewski fail. Plaintiff's argument amounts to a disagreement with the professional judgment and course of treatment selected by these healthcare providers, and does not rise to the level of a plausible constitutional claim. The magistrate judge correctly noted that to the extent a grievance attached to plaintiff's complaint could be construed as exhausting any claims against medical providers, it was filed two months before defendant Lee began her employment as the Administrator of Wexford at NCF, and therefore cannot be construed as exhausting his claims against this defendant. Plaintiff makes no allegation that Ms. Lee personally treated the plaintiff, ever examined his hand or ever prescribed any medications. Accordingly, this Court finds that even if the plaintiff had exhausted his administrative grievances against Ms. Lee, his complaint as to her is subject to dismissal for failure to state a claim for relief.

## IV.  Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 84) is AFFIRMED and ADOPTED.

Accordingly, the motion to dismiss filed by Robert Whitehead and Don Zielinsky (ECF No. 41) is GRANTED IN PART and DENIED IN PART.  More specifically, plaintiff's claim one regarding an unsafe work environment is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.  To the extent that the plaintiff attempts to include defendants Robert Whitehead and Don Zielinsky in his claim four, regarding medical care, the same is DISMISSED WITH PREJUDICE.  However, defendants Robert Whitehead and Don Zielinsky motion to dismiss is DENIED as to plaintiff's claims two and three alleging violations of equal protection, and a scheduling order will be entered by separate order.  The motions to dismiss filed by defendants Jerry Hahn and Cecilia Janiszewski (ECF No. 44) and defendant Jamie Lee (ECF No. 49) are GRANTED, and the claims against these three defendants are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted. Plaintiff's objections to the report and recommendation (ECF No. 86) are OVERRULED.

This case shall PROCEED only as to the claims against defendants Robert Whitehead and Don Zielinsky alleging violations of equal protection, and this Court will enter a separate scheduling order with regard to those claims.

23

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    March 28, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE